EDWARDS, Judge.
Defendant was convicted of second degree murder and simple robbery in connection with the death of Joseph Gonsoulin. The court sentenced him to life imprisonment on the murder conviction[1] and to a concurrent two years at hard labor on the robbery conviction. Defendant appeals, urging five assignments of error.[2]
After receiving an anonymous tip during the afternoon of January 12, 1984, law enforcement officers located the body of an elderly man on the ground beside his automobile in a remote area of Tangipahoa Parish. Autopsy of the victim, later identified as Joseph Gonsoulin, revealed the cause of death as asphyxia due to manual strangulation. Law enforcement officers determined that the victim was last seen leaving a Hammond barber shop during the afternoon of January 10, 1984, and that he always carried a folded fifty dollar bill in his wallet for emergency purposes.
Suspicion focused on defendant when the proprietor of a store located within a short distance of the crime scene reported that defendant and a woman, both known to be residents of that rural area, had purchased alcoholic beverages with a folded fifty dollar bill during the afternoon of January 11, 1984. Defendant was taken into custody for questioning on January 13,1984. After giving law enforcement officers several oral and taped statements detailing his involvement in the murder of Joseph Gonsou-lin, defendant was charged with the instant offenses.
ASSIGNMENT OP ERROR NUMBER ONE
Defendant contends the trial court erred by allowing the prosecution to elicit factual details surrounding defendant’s prior conviction, thereby impermissibly introducing other crimes evidence without the appropriate procedural safeguards.
Defendant chose to take the stand in his own behalf. As the prosecutor sought to impeach defendant’s testimony by establishing that defendant had been convicted of simple kidnapping,[3] defendant was allowed to testify without objection. Errors not complained of at the time of occurrence are waived. LSA-C.Cr.P. art. 841; State v. Bennett, 454 So.2d 1165, 1173 (La.App. 1st Cir.), cert. denied, 460 So.2d *622 604 (La.1984)[4]. Accordingly this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant assigns as error the overruling of his motions for mistrial made in response to prejudicial remarks of the prosecutor in closing argument. He points to three instances of such remarks.
First, although no expert psychological evidence had been offered, the prosecutor suggested that psychology experts might have been able to give reasons for defendant’s behavior. However, defendant’s objection to this remark was sustained, and defendant requested neither an admonition to disregard nor a mistrial. Hence he cannot complain on appeal of that alleged error. See State v. Miles, 402 So.2d 644, 648 (La.1981).
Second, the prosecutor commented on defendant’s inconsistent taped statements,[5] suggesting that defendant endeavored to pin the crime on two of the State’s witnesses because “[h]e just didn’t want to take the rap.” The third instance occurred as the prosecutor was discussing corroborating evidence. The State had introduced into evidence a Cricket cigarette lighter taken from defendant when he was arrested, a Cricket lighter removed from the victim’s pocket, and the packaging for two Cricket lighters found in the victim’s automobile. The prosecutor speculated that the victim had purchased the package of two lighters and had put one in his pocket, and that defendant had taken the other when he killed him. In each instance the court sustained defendant’s objection and cautioned the prosecutor to stick to the evidence, but refused to grant a mistrial.
Closing argument “shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.” LSA-C.Cr.P. art. 774. The prosecutor’s evaluation of defendant’s attempt to involve others in the crime was argument on defendant’s credibility, which is permitted under article 774. The prosecutor’s theory of how defendant came into possession of the Cricket lighter did refer to the evidence, and in that context, his statement that defendant murdered the victim was based on the evidence, not on any personal knowledge of facts outside the record. Whether defendant did in fact commit the murder was the primary issue the jury had to decide.
Although we do not believe this argument was improper, improper argument is not ground for reversal unless it influenced the jury or contributed to the verdict. State v. Barrow, 410 So.2d 1070, 1075 (La.), cert. denied, 459 U.S. 852, 103 S.Ct. 115, 74 L.Ed.2d 101 (1982). There is no indication that this was the case. Accordingly this assignment of error is without merit.
ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR
Defendant contends that the trial court should have granted a new trial because (1) there was insufficient evidence, and (2) the State failed to prove venue. Although sufficiency of the evidence is properly raised by motion for post-verdict judgment of acquittal, LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099, 1101 (La.App. 1st Cir.1985), we will nevertheless address defendant’s argument.
Measured by the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the evidence was sufficient to convict defendant. View *623 ing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that the State proved the essential elements of the crime beyond a reasonable doubt. The State clearly established that a crime had been committed. The victim was an eighty-year-old retired accountant. His widow testified that he went to the barber shop on the afternoon of January 10, 1984, and never returned. She also stated that he always carried a folded fifty dollar bill in his wallet for emergencies. When the victim was discovered two days later, his pockets were turned inside out and the fifty dollar bill was missing. He had been beaten and strangled.
Once the crime itself has been established, a confession alone may be used to identify the accused as the perpetrator. State v. Celestine, 452 So.2d 676, 678 (La.1984). At trial defendant claimed that his confession was not voluntary, and that although he had been in the vicinity of the barber shop where the victim had been on the afternoon of January 10, he had paid some unknown person $8.00 to drive him home that evening. Nevertheless in his confession, which was admitted into evidence, he stated that the victim had given him a ride, and that he strangled and robbed the victim after the victim bit his finger. It is the jury’s province to determine the weight of the evidence, one facet of which is credibility of witnesses. The jury may accept or reject in whole or in part the testimony of any witness. State v. Norman, 448 So.2d 246, 249 (La.App. 1st Cir.), reversed in part on other grounds, 452 So.2d 1178 (La.1984). This jury obviously resolved some credibility questions against defendant, and we do not find that unreasonable.
The State adequately proved venue. “All trials shall take place in the parish where the offense has been committed unless the venue is changed.” LSA-C. Cr.P. art. 611. The State must prove venue at trial. State v. Adams, 394 So.2d 1204, 1210 (La.1981). Venue, however, is a special question and appellate review thereon % limited to determining whether there was some evidence, no matter how little, ... to establish venue.” Id. (citations omitted). Furthermore a trial court may take judicial notice that a geographical location is within a particular parish, although the parish is not specifically mentioned. LSA-R.S. 15:422 (6); State v. Adams, 394 So.2d at 1210.
The victim’s widow last saw her husband alive at their home in Hammond on the afternoon of January 10. His barber confirmed his arrival and departure that afternoon at his Hammond barbershop. One of defendant’s statements indicates that the victim agreed to drive defendant to his rural Tangipahoa Parish home that afternoon, and the body was found in Tangipahoa Parish. Thus venue in Tangipahoa Parish was established. These assignments of error lack merit.
ASSIGNMENT OF ERROR NUMBER FIVE
Although defendant’s sentence of life imprisonment without benefit of probation, parole, or suspension of sentence, is mandatory, see LSA-R.S. 14:30.1, defendant urges that it is excessive.
A sentence is constitutionally proscribed as being excessive if it is nothing more than the needless imposition of pain and suffering and is grossly out of proportion of the crime. State v. Willis, 420 So.2d 962, 965 (La.1982). It is an understatement to say that second degree murder is reprehensible, and particularly so in the instant case, where an elderly gentleman gave a young man a ride, and the young man responded to that kindness by robbing and murdering him. The Louisiana Supreme Court has repeatedly held this mandatory life without benefit sentence constitutional. See State v. Parker, 416 So.2d 545, 552 (La.1982), and cases cited therein. In view of defendant’s crime, this sentence is not excessive.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. When pronouncing sentence, the court did not state that the term of life imprisonment was to be without benefit of probation, parole, or suspension of sentence, as mandated by LSA-R.S. 14:30.1. Nevertheless the court said that the sentence was to be for the remainder of defendant's natural life, which effectively conveys the without benefit conditions.

. Defendant filed ten assignments of error in the trial court, but only listed and briefed five in this appeal. Consequently the other five assignments of error have been abandoned. See Rule 2-12.4, Uniform Rules — Courts of Appeal.

.Evidence of conviction of a crime is admissible for the purpose of impeaching the credibility of a witness, including a defendant who testifies in his own behalf, LSA-R.S. 15:495, and such evidence is exempt from the Prieur rules. State v. Goza, 408 So.2d 1349, 1351 (La.1982). The extent to which inquiry into past convictions will be permitted must be determined by the trial court on a case by case basis, and the court’s determination will not be disturbed on appeal absent a showing of abuse of discretion. State v. Chaney, 423 So.2d 1092, 1100 (La.1982).

. Moreover, the details surrounding defendant’s prior conviction were volunteered by defendant himself in an effort to exculpate himself by explaining that evidence had been falsified against him.

. Of defendant’s three statements, he admitted guilt in only one. In another, he claimed that though he was present, one of the State’s witnesses actually killed the victim. Finally, in his third statement, he claimed that yet another of the State’s witnesses either killed the victim or knew who did.