521 So.2d 553 (1988)
STATE of Louisiana
v.
Charles E. CARTER.
No. KA 87 0390.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
Richard J. Ward, Jr., Maringouin, John Wayne Jewell, New Roads, for plaintiff-appellee.
Thomas A. Nelson, C. Jerome D'Aquila (co-counsel), New Roads, for defendant-appellant.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
COVINGTON, Chief Judge.
Charles E. Carter was charged by bill of information with production of marijuana, a violation of LSA-R.S. 40:966 A. Defendant *554 pled not guilty. Following trial by jury, he was convicted as charged. The trial court sentenced defendant to a six year term of imprisonment at hard labor.
Defendant brings this appeal, urging six assignments of error:
(1) The trial court erred by overruling a defense objection.
(2) and (3) The trial court erred by allowing defense witnesses, Anthony Carter and Joyce Albert, to invoke the Fifth Amendment privilege against self-incrimination.
(4) The trial court erred by denying defendant's motion for a new trial.
(5) The verdict is contrary to the law and the evidence.
(6) The sentence is excessive, and the trial court failed to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.

FACTS
On May 23, 1985, various Pointe Coupee Sheriff's deputies executed a search warrant at a residence occupied by defendant, defendant's parents, and several other individuals. During the course of the search, Detective Warren Slocum discovered several suspected marijuana plants growing against a board fence in the yard. Subsequent expert evaluation by Jerry Miller, a forensic scientist, confirmed the identity of the plants as marijuana, a controlled dangerous substance classified in schedule I.
Deputy Jimmy Walker, who also participated in execution of the instant search warrant, testified that he initially advised defendant of his Miranda rights while at the crime scene. Thereafter, having been informed suspected marijuana plants were discovered growing in the yard, defendant orally admitted that the plants belonged to him.
ASSIGNMENT OF ERROR NUMBER ONE:
By this assignment, defendant contends that the trial court erred by allowing the introduction into evidence of marijuana plants without requiring the state to lay a proper foundation.
We note that State Exhibit-2, the seized marijuana, was admitted without objection by defendant. Because of defendant's failure to offer a contemporaneous objection, this argument was not preserved for review on appeal. La.C.Cr.P. art. 841. Moreover, the argument is meritless.
Demonstrative evidence can be admitted into evidence only after it is shown that, more probably than not, the evidence is connected to the case. That foundation can be laid by establishing a chain of custody of the evidence or by visual identification. Once that foundation is established, the weight to be given the evidence is a question for the jury. State v. Robertson, 441 So.2d 1281 (La.App. 1st Cir.1983), writ denied, 446 So.2d 314 (La.1984).
In this case, Detective Warren Slocum, who seized the plants, delivered them to the Louisiana State Crime Laboratory, and stored them after they were returned from the crime laboratory, testified prior to the admission of State Exhibit-2. His testimony documented the significant links in the chain of custody. In addition, he visually identified the exhibit by its packaging and signed receipts.
Accordingly, this assignment of error lacks merit.
ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE:
By these assignments, defendant contends that the trial court erred by allowing defense witnesses, Anthony Carter and Joyce Albert, to invoke the Fifth Amendment privilege against self-incrimination during questioning by defense counsel. We disagree.
In this case, the privilege was properly exercised by each witness, who took the stand and answered the questions put to him except for those instances where it was "evident from the implication of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." State v. Wilson, 394 So.2d 254, 258 (La.1981), citing Hoffman *555 v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).
The Louisiana Supreme Court has consistently held that a witness may invoke the Fifth Amendment privilege against self-incrimination in response to questions to which the witness has reasonable cause to apprehend danger from a direct answer. See State v. Brown, 514 So.2d 99 (La.1987), 86-KA-1941, decided October 19, 1987 and cases cited therein. Through the testimony of Anthony Carter (defendant's brother) and Joyce Albert (defendant's girlfriend) defendant sought to establish that the seized marijuana plants did not belong to him. Clearly these witnesses had reasonable cause to apprehend danger from direct answers concerning their knowledge of the plants' ownership.
Thus, these assignments of error lack merit.
ASSIGNMENTS OF ERROR NUMBERS FOUR AND FIVE:
By assignment of error number four, defendant contends that the trial court erred by failing to grant his motion for new trial grounded on the argument that the instant verdict was contrary to the law and the evidence. By assignment of error number five, defendant urges that the evidence presented was legally insufficient.
The proper procedural vehicle for raising the issue of the sufficiency of the evidence is by motion for a post-verdict judgment of acquittal. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). A reviewing court, despite defendant's failure to proceed properly, must consider the issue when briefed pursuant to a formal assignment of error.
In brief, defendant argues that there exists insufficient evidence to directly link him to the marijuana. He contends that any one of the other individuals living at that residence could have been responsible for the marijuana plants found in the yard.
In a confession, which was admitted into evidence, defendant admitted that the seized marijuana plants belonged to him. Once the crime itself has been established, a confession alone may be used to identify the accused as the perpetrator. State v. McGary, 479 So.2d 620 (La.App. 1st Cir.1985). At trial, defendant claimed that his confession was not voluntary. However, it is the jury's province to determine the weight of the evidence, one facet of which is the credibility of witnesses. The jury obviously resolved some credibility questions against defendant, and we do not find that decision unreasonable.
Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER SIX:
By this assignment of error, defendant urges that the sentence imposed is excessive.
The trial court has wide discretion in imposition of a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). The penalty actually imposed by the trial court was about one-half of the maximum assessable penalty. Given compliance with the sentencing criteria of La.C. Cr.P. art. 894.1, the sentence imposed will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
A review of the record in this case reveals that the trial court carefully particularized the sentence, considering mitigating and aggravating factors as set forth in art. 894.1 as they apply to defendant. The trial court ordered a presentence investigatory report noting that, although the instant charge represented defendant's first felony conviction, he had a previous criminal background including two misdemeanor convictions. The trial court further opined that defendant was unlikely to respond affirmatively to probationary treatment. Rather, incarceration was necessary because a lesser sentence would deprecate the seriousness of the crime and treatment in a custodial environment was indicated.
We cannot say that the sentence imposed is excessive under the circumstances. The trial court fully considered the range of sentencing alternatives and individualized the sentence to the particular defendant for *556 the particular crime involved. Thus, this assignment of error is without merit.
AFFIRM.