650 So.2d 360 (1995)
STATE of Louisiana
v.
Terry PRICE and Jacqueline Price.
No. 94-KA-214.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1995.
*361 John M. Mamoulides, Dist. Atty., Vincent Paciera, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Martin E. Regan, Jr., New Orleans, for defendants-appellants.
Before KLIEBERT, GAUDIN and CANNELLA, JJ.
GAUDIN, Judge.
Terry Price and Jacqueline Price, sisters, were convicted of second degree kidnapping of Michelle Ruffin on October 21, 1991. Each was sentenced to 15 years at hard labor with the first three years to be served without benefit of parole, probation or suspension of sentence.
On appeal, the Prices contend that the trial judge:
(1) did not allow appellants a full voir dire,
(2) permitted prejudicial evidence of other crimes,
(3) allowed into evidence an irrelevant three-page affidavit signed by Terry Price alleging improprieties by police officers,
(4) permitted improper rebuttal argument,
(5) imposed an excessive sentence and
(6) let the convictions stand although not supported by sufficient evidence.
Our careful examination of this record shows no reversible error; accordingly, we affirm the Prices' convictions and sentences.
Ruffin was walking on Peters Road in Harvey, Louisiana when she was forced into an automobile by the Price sisters and two of their nephews, both juveniles. Ruffin was driven to Plaquemines Parish where she was struck in the head with a jack handle, cut across her face with a knife, shot in the leg and neck and abandoned.

ASSIGNMENT NO. 1
As part of this assignment of error, the Prices complain because of the trial judge's off-the-cuff comments during voir dire. LSA-C.Cr.P. art. 841 provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged problem so that he or she may cure the defect. This prevents the defendant from gambling on a favorable verdict and then resorting to an appeal based on errors that might easily have been corrected by objection. See State v. Thomas, 427 So.2d 428 (La.1982); and State v. Cockerham, 442 So.2d 1257 (5 Cir. 1983).
Appellants had ample opportunity to make objections regarding these alleged errors. They failed to do so. They did not move for a mistrial. Thus, the alleged errors have not been properly preserved for review by this court. See State v. Miles, 402 So.2d 644 (La.1981).
Also, in this assignment of error, the Prices say that the trial judge unreasonably admonished one juror (Todd Babin) and that the trial judge's subjective rehabilitation of jurors on the issues of reasonable doubt and presumption of innocence limited the scope of voir dire. These allegations have no merit. Voir dire was not limited. Further, the record does not indicate that the defendants were forced to accept any juror.

ASSIGNMENT NO. 2
This alleged error occurred when the victim was on the witness stand, on direct examination. In the following excerpt from the transcript, Mr. Paciera is the prosecuting attorney while Mr. Amstutz and Mr. Vazquez represent the defendants.
"Q. And you already knew these people.

*362 A. Yes.
Q. And you told the people, `this is them'?
A. Yes.
Q. Had you ever had any problems with them before?
A. Yes.
Q. What kind of trouble?
A. Well, when my auntie was in the hospital, they had jumped, doublelike double-teamed me, because they say I had cussed thethe grandmother sister out, and they double-teamed me in the truck, in my step-daddy truck.
Q. Okay. When you're saying `they,' who are you talking about?
MR. AMSTUTZ:
Your Honor, I'm going to object at this point. I don't see the relevance of something that happened before.
(The following conversation occurred at the bench, out of earshot of the jury.)
MR. AMSTUTZ:
Judge, he's getting into all kind of things now about
THE COURT:
I'm a little concerned with these previous arrests that we hear, or previous crimes that we can't into.
MR. VAZQUEZ:
That's a big door you're going to open.
MR. AMSTUTZ:
That's right. You got it opened, you know. I mean, they have heard the state
MR. PACIERA:
Well, it was my understanding that you'll wanted to get into all this stuff, too. I'll avoid it, but I thought that they were going to be getting into it theirself, that's why I just kind of treaded right in.
THE COURT:
Well, I'm going tothey're objecting to relevance. My concern is that we're getting, you know, other crimes in that
MR. PACIERA:
I'll stopI'll stop that.
THE COURT:
Okay."
We see no prejudicial evidence of other crimes warranting reversal. Once an objection was made after the "double-teamed me" utterance, the prosecutor agreed to stop this line of questioning. Thereafter, the defendants did not ask for a mistrial or for an admonition to the jury.

ASSIGNMENT NO. 3
In this assignment of error, defendants contend that the trial court erred when it allowed into evidence Terry Price's affidavit which alleges criminal conduct by the arresting police officers. Defendants argue that the relevant value of this affidavit was far exceeded by the danger of unfair prejudice and that it made them look paranoid and conspiratorial. The state contends that the affidavit was relevant; and further, that the three-page document was contained in the record of this case. Terry Price denied that the signature on the affidavit was either hers or her sister's.
Determining relevance and admissibility are within the sound discretion of the trial judge. Rulings are not disturbed on appeal unless there was a clear abuse of discretion. See State v. Bates, 397 So.2d 1331 (La.1981).
The affidavit allegedly signed by Terry Price touched on credibility and motive. If the trial judge abused her discretion, and we do not know that she did, the possible prejudice against the Price sisters was not so substantial that the defendants were deprived of a fair trial. There was considerable other much more meaningful evidence, for and against the defendants, presented to the jury.

ASSIGNMENT NO. 4
During his closing argument, the prosecuting attorney said that the defense had not called appellants' nephews as witnesses. Following an objection, defense attorneys approached the bench and out of earshot of the jury complained because the prosecutor knew that the nephews had been convicted as juveniles; therefore, any reference to the *363 juveniles was prejudicial. In response, the trial judge told the prosecutor, "Get off of it." There was no further mention of the juveniles.
It is well settled that once a defense objection is sustained, as was the case here, the defense cannot complain on appeal unless a mistrial or admonition to the jury is requested and denied. See State v. Miles, supra. Neither Price defense attorney asked for either a mistrial or admonition.
In any event, a reference by the prosecutor to a defendant's failure to call witnesses can be permissible reference to a lack of defense evidence. In State v. Sprinkle, 439 So.2d 1230 (La.App. 5 Cir.1983), this Court said at page 1232:
"Reference made in closing argument that the state's case stands uncontroverted has been frequently upheld ... See State v. Sims, 346 So.2d 664 (La.1977); State v. Reed, 284 So.2d 574 (La.1973) ..."
When the defendant is the only person who could dispute the state's evidence, however, a prosecutor's reference to the state's case as being uncontroverted could improperly focus the jury's attention on the defendant's decision not to testify. Such was clearly not the case here. Both Price sisters testified.

ASSIGNMENT NO. 5
The objection here is that the Prices received excessive sentences due to the trial judge's failure to consider mitigating factors.
Because a motion to reconsider the sentence was not filed in the trial court, this assigned error presents nothing for review. See Code of Criminal Procedure Article 881.1(D); also, State v. Morgan, 612 So.2d 302 (La.App. 5 Cir.1992) and cases cited therein.
Moreover, in view of the fact that appellants and their nephews tried to kill Ruffin and left her in an isolated place grievously wounded, the imposed sentences are lenient.

ASSIGNMENT NO. 6
In this final assignment of error, appellants say that the evidence was insufficient to sustain convictions. Specifically, the Price sisters contend that the testimony of Ruffin was uncorroborated, bizarre and contradictory.
Ruffin, a 20-year-old in the 11th grade, was at times vague when she testified. The jury listened to her and to the appellants, who presented an alibi defense, and no doubt made a credibility call in Ruffin's favor. Where there is conflicting testimony, the credibility of witnesses is a matter within the sound discretion of the trier of facts, and factual determinations will not be disturbed on review unless clearly contrary to the evidence. See State v. Richarson, 425 So.2d 1228 (La.1983), State v. Smith, 463 So.2d 16 (La.App. 5 Cir.1985); and State v. Butler, 450 So.2d 764 (La.App. 5 Cir.1984).
Also, contrary to appellants' assertion, there was corroboration of Ruffin's testimony, among other things her serious and obvious wounds.
The convictions and sentences are affirmed.
AFFIRMED.