991 So.2d 1082 (2008)
STATE of Louisiana in the Interest of D.F.
No. 2008 KJ 0182.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
Ricky J. Ward, Jr., District Attorney, Elizabeth A. Engolio, Assistant District *1083 Attorney, Plaquemine, LA, for State of Louisiana.
John P. Aydell, Jr., Port Allen, LA, for Appellant, D.F.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
D.F., a child, was charged in a petition[1] to be delinquent based on seven counts of simple burglary, violations of LSA-R.S. 14:62 (counts 1 through 7), and one count of illegal possession of stolen things valued over $500, a violation of LSA-R.S. 14:69 (count 8). Additionally, he was charged in a second petition[2] to be delinquent based on three counts of simple burglary, violations of LSA-R.S. 14:62 (counts 1 through 3). He denied the allegations and, following an adjudication hearing on all counts, was adjudged delinquent as alleged on count 5. He was acquitted on the remaining counts under both petitions. Following a disposition hearing, the juvenile court placed the child in the custody of the Department of Public Safety and Corrections, Office of Youth Services, secured custody, for seven years. The child now appeals, designating six assignments of error. We reverse the adjudication of delinquency, vacate the disposition on count 5, and order the child released on that charge.

ASSIGNMENTS OF ERROR
1. The juvenile court erred in denying the child's motion to suppress his statement made to Detective Kenneth Young and in allowing the introduction into evidence of this statement.
2. The juvenile court erred in adjudicating the child delinquent regarding one count of simple burglary as such act was not proven at the adjudication hearing.
3. The juvenile court erred in permitting testimony at the disposition hearing of purported victims of burglaries of which the child was acquitted.
4. The juvenile court erred in committing the child to an unconstitutionally excessive disposition.
5. The juvenile court erred in mandating that the child serve his disposition in a secure facility.
6. The juvenile court erred in committing the child without consideration of the factors or guidelines under Children's Code article 901.[3]

FACTS
On May 9, 2007, at 3:15 a.m., Kwame Akins of Evergreen Drive, Port Allen, reported the burglary-in-progress of her BMW vehicle. According to West Baton Rouge Parish Sheriffs Detective Kenneth Young, Akins saw several young men going into and out of her vehicle.[4] She indicated the men fled to the north of the subdivision where she resided. When the police arrived at Akins's residence, they found a Pontiac Vibe and a 1999 Ford truck. The truck had been reported stolen in East Baton Rouge Parish. The doors were open on one of the vehicles, but no one was around the vehicles. West Baton Rouge Parish Sheriff's Deputy Rick Barnett *1084 and Detective Young indicated that items stolen from vehicles in the area, including several laptop computers, "a couple" of checkbooks, an "IPod," and a brown wallet, were found in the truck. Thereafter, other residents in the area began reporting that items were missing from their vehicles or that someone had tampered with their vehicles.
Patricia Crocker[5] advised the police that her 2002 Dodge truck had been broken into and the faceplate of her radio, valued at approximately $300, was missing. The faceplate was never recovered. Stephen Dupont of Shelter Court, Port Allen, testified that on May 9, 2007, at approximately 4:00 a.m., he noticed his vehicle had been ransacked. David LeBlanc of Golden Ridge Drive, Port Allen, testified that on May 9, 2007, his Nextel Blackberry hand-held device, valued at approximately $250, was taken from his vehicle. The burglary of LeBlanc's vehicle was the basis for count 5 of the petition, Chad Theriot of Golden Ridge Drive, Port Allen, testified that his vehicle was ransacked on May 9, 2007.
According to Deputy Barnett, on May 9, 2007, two suspects were discovered hiding in weeds on the south end of the subdivision. Detective Young testified that these suspects were E.R. and R.K.[6]
West Baton Rouge Parish Sheriff's Deputy Leonard Tobias testified he routinely walked on a daily basis between 3:30 a.m. and 4:00 a.m. According to Deputy Tobias, on May 9, 2007, when he was approximately two blocks from the scene of the burglaries, D.F., E.R., and R.K., "came up out of the ditch[.]" Deputy Tobias identified D.F. in court as one of the people he saw in the ditch.
After being given information on their location from Deputy Tobias, Addis Police Department Sergeant Blake Patterson chased E.R. and R.K. and apprehended them with the help of another police officer. E.R. and R.K. were sweaty and muddy. While returning to Addis, Sergeant Patterson responded to J.W. Food Mart, where other police officers had located D.F. Sergeant Patterson did not interview D.F., but observed that D.F. was also sweaty and muddy.
According to the testimony of Detective Young, D.F. was advised of his Miranda[7] rights, indicated he understood those rights, and after consulting with his aunt, admitted "going in the subdivision with [E.R. and R.K.]"
On May 10, 2007, Jeff Kershaw of Hollywood Court, Port Allen, reported that his wallet, containing his identification, his credit cards, and approximately $50, was missing from his vehicle. The identification was subsequently found on the ground.

SUFFICIENCY OF THE EVIDENCE
In assignment of error number 2, the child argues David LeBlanc never testified that he saw anyone take the Blackberry from his vehicle and no other victim gave evidence sufficient to support an adjudication for the burglary of LeBlanc's vehicle.
When the state charges a child with a delinquent act, it has the burden of proving each element of the offense beyond *1085 a reasonable doubt. LSA-Ch.C. art. 883. On appeal, the applicable standard of review is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. This standard of review applies to juvenile proceedings in which a child is adjudicated a delinquent. State in the Interest of J.S., 00-2514 (La.App. 1st Cir.2/16/01), 808 So.2d 459, 461. However, in juvenile proceedings, the scope of review of this court extends to both law and facts. LSA-Const. art. V, § 10(B).
The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in LSA-C.Cr.P. art. 821[8] is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
Simple burglary is the unauthorized entering of any vehicle with the intent to commit a felony or any theft therein, other than as set forth in LSA-R.S. 14:60 (aggravated burglary). LSA-R.S. 14:62(A). All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. LSA-R.S. 14:24. However, a defendant's mere presence at the scene is not enough to "concern" him in the crime. Only those persons who knowingly participate in the planning or execution of a crime may be said to be "concerned" in its commission, thus making them liable as principals. A principal may be connected only to those crimes for which he has the requisite mental state. State v. Neal, 00-0674 (La.6/29/01), 796 So.2d 649, 659, cert, denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). Once the crime itself has been established, a confession alone may be used to identify the accused as the perpetrator. State v. Carter, 521 So.2d 553, 555 (La.App. 1st Cir.1988).
In closing argument, the state contended that the child had admitted taking multiple items from several vehicles in Antonio Subdivision. The court questioned the proof that the child had taken any specific item. The state cited Detective Young's testimony concerning the items being recovered from the vehicles and being returned to the complainants. The court asked what items had Detective Young indicated were in the vehicles. The state answered, "[t]here were laptops, an IPOD, and I believe a Blackberry he mentioned, Your Honor." The court asked if the Blackberry had been recovered. The state indicated one Blackberry had been recovered, but it was not LeBlanc's Blackberry, but rather Akins's Blackberry, and Akins had not testified. The court stated, "I cant consider that. Okay."
The defense disputed that the child had "admitted burglaries." The defense argued no testimony linked E.R. and R.K., much less D.F., to any of the vehicles.
The court adjudicated D.F. to be a delinquent child with respect to one count of "auto burglary," that being the one "involving the Blackberry because that is one thing that was specifically identified as *1086 being taken, and according to [Detective] Young, he confessed to taking these things." The court acquitted D.F. on the remaining counts.
A thorough review of the record indicates that, viewing the evidence in the light most favorable to the state, the state failed to prove beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, all of the elements of simple burglary and the child's identity as a perpetrator of that offense. The state failed to establish the child's connection to the offense. D.F. was adjudicated delinquent on count 5, involving the burglary of David LeBlanc's vehicle. However, neither LeBlanc nor any other witness saw the person or persons who were responsible for the burglary of LeBlanc's vehicle. Kwame Akins was apparently the only victim who may have been able to identify the perpetrators of the burglary of her vehicle, but she did not appear at the adjudication hearing.[9] The state also did not present any physical evidence, such as fingerprints, concerning the identity of the perpetrator(s) of count 5. The state presented conflicting testimony concerning whether, following the offense, D.F. was seen in a ditch with E.R. and R.K., approximately two blocks from the scene of count 5, or whether the child was discovered at J.W. Food Mart. However, even viewing this evidence in the fight most favorable to the state, the evidence merely placed D.F. with E.R. and R.K. close to the scene of the crime without establishing that either D.F., E.R., or R.K. were concerned in the commission of count 5. The state convinced the juvenile court that D.F. admitted "[taking] multiple items from several vehicles in Antonio Subdivision." The record, however, indicates the child admitted to nothing more than "going in the subdivision with [E.R. and R.K.]"
After undertaking our state's constitutionally mandated review of the law and facts in this juvenile proceeding, we find the state failed to prove beyond a reasonable doubt that D.F. committed a delinquent act alleged in the petition. Accordingly, we reverse D.F.'s adjudication of delinquency, vacate the disposition based on the charge in count 5, and order that D.F. be released on that charge.[10]
This assignment of error has merit.
ADJUDICATION OF DELINQUENCY REVERSED, DISPOSITION ON COUNT 5 VACATED, AND CHILD ORDERED RELEASED ON THAT CHARGE.
KUHN, J., dissents.
NOTES
[1] This petition was filed on May 10, 2007, and was assigned docket number 3716-07.
[2] This petition was filed on May 31, 2007, and was assigned docket number 3731-07.
[3] The juvenile expressly abandoned this assignment of error.
[4] Akins did not testify at the adjudication hearing. Accounts of what she told the police were admitted for purposes of the motion to suppress, and not as substantive evidence.
[5] Crocker did not testify at the adjudication hearing, and the police officer testifying concerning her report did not provide her address.
[6] The record indicates E.R. and R.K. were also juvenile offenders. Accordingly, we also reference them by their Initials.
[7] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[8] Pursuant to LSA-Ch.C. art. 104, "[w]here procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with ... [t]he Code of Criminal Procedure in a delinquency proceeding...."
[9] At the disposition hearing, the state indicated that the subpoenas for certain state witnesses to appear at the adjudication hearing had not been served until "the evening of the actual hearing."
[10] Our resolution of this assignment of error causes us to pretermit consideration of the remaining assignments of error.