JiCIACCIO, Judge.
On December 15, 1995 the defendant was charged by bill of information with possession with the intent to distribute cocaine. The defendant was arraigned on January 4, 1996 at which time she entered a plea of not guilty. On February 22, 1996 pretrial motions were held. The court found probable cause for defendant’s arrest and denied defendant’s motion to suppress the evidence. On March 26, 1996, the defendant was found guilty as charged. On May 14, 1996, the defendant filed a motion for new trial. On June 7, 1996, the trial court denied defendant’s motion. On that same date, the defendant admitted to the multiple bill of information in which she was charged with being a second felony offender. On June 11, 1996 the defendant was sentenced to serve fifteen years in the Department of Corrections.

FACTS

In October of 1995 the New Orleans Police Department received an anonymous call that there was illegal drug activity at 2562 Alvar Street. Police Officer Norbert M. Carroll conducted a surveillance of this address. After the surveillance, Officer Carroll contacted *1362 H.A.N.O. and learned that the residence was leased to Permilla Brown, the defendant. Officer Carroll applied for a search warrant of this address. On October 20, 1995 Officer Carroll and five other police officers executed the search warrant. Upon entering the residence, the officers observed a toddler, approximately three years of age, in the living broom. Officer Shelita Brown indicated that she tried to calm the little girl down in an effort to learn if anyone else was in the apartment. A few minutes after the officers’ entrance, Carl Brown entered the residence. Mr. Brown identified himself as the defendant’s son and verified that the residence belonged to his mother. Officer Brown conducted the search of the rear bedroom, which the officer concluded was the defendant’s bedroom. While searching the closet in the rear bedroom, Officer Brown found a black and white nylon jacket. Inside the pockets of the jacket the officers found thirty-five clear plastic bags, each containing a white rock-like substance. Officer Carroll identified this jacket as the jacket he observed the defendant wearing during his surveillance. The officers also found under the defendant’s bed a Spaulding gym bag containing the following objects: (1) a K & B bag; (2) one beaker; (3) an aculab digital scale; and (4) one small scale. Other objects found in the rear bedroom included receipts bearing defendant’s name, an insurance policy bearing defendant’s name, a food stamp card, plaques bearing the defendant’s name, and pictures of the defendant. Finally, $65.00 was confiscated from defendant’s closet. The defendant was not at home at the time of the search; therefore the officers applied for an arrest warrant. However, Carl Brown, defendant’s son, was arrested at the time of the search. Approximately four days later, the officers successfully executed the arrest warrant on the defendant.

ERRORS PATENT

A review of the record for error patent reveal none.

ASSIGNMENT OF ERRORS

The defendant argues that the trial court erred in denying her motion for new trial. The defendant contends that the verdict is inconsistent with the law and evidence. The defendant argues that the State has failed to prove beyond a ^reasonable doubt that the defendant was in possession of cocaine when she was arrested on October 24,1995.
The bill of information reflects that the defendant is charged with being in possession of cocaine with the intent to distribute on October 24, 1995, the date of her arrest. The officers confiscated the drugs and other contraband the date of the execution of the search warrant, October 20,1995. The officers admitted that when the defendant was arrested on October 24, 1995 no drugs were found on the defendant.
La.C.Cr.P. art. 468 provides:
The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.
If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day....
In State v. Lawson, 393 So.2d 1260 (La. 1981), the defendant was charged with possession with the intent to distribute phency-clidine (PCP). The defendant raised as an assignment of error that the trial court erred in permitting the' State to amend the bills of information after trial had begun. The State moved to amend the bills to correct the dates of the alleged offenses from October 18,1979 to September 17, 1979. The State also amended the citation of the statute from La.R.S. 40:966 to La.R.S. 40:967. The Court denied defendant’s assignment of error with the following reasons:
... the date or time of the commission of an offense need not be alleged in the indictment, unless the date or time is essential to the offense. La.Code Crim.P. art. 468. The court may cause an indictment to be amended at any time with respect to a defect of form. La.Code Crim.P. art. 487. A mistake respecting the date on which the offense occurred has been held to be such a defect of form when not essential to the offense. State v. Dye, 384 *1363 So.2d 420 (La.1980) State v. Drew, 360 So.2d 500 (La.1978), cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979). The dates are not essential to the offense charged here. Therefore, the mistakes respecting the dates on which the offenses occurred were ones of form which may be amended at any time....
State v. Lawson, 393 So.2d at 1262-1263.
As in Lawson, the date of the offense in defendant’s case is not an essential element in proving that the defendant possessed cocaine with the intent to distribute. The trial court did not err in denying defendant’s motion for new trial on these grounds.
In the alternative, the defendant argues that the State presented insufficient evidence to prove beyond a reasonable doubt that the defendant possessed cocaine. The defendant only addresses one element that the State failed to prove beyond a reasonable doubt, that being that the State failed to prove that the defendant had actual or constructive possession of the cocaine.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La.R.S. 15:438. La.R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary isguideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
The defendant contends that because she was not present at the apartment at the time the drugs and contraband were seized that the State failed to prove that she had dominion and control over the drugs. The defendant argues that the State never presented any documentary evidence to prove that the apartment was leased to the defendant. The defendant asserts that there were several other adults who had access to the apartment who could have possibly placed the drugs in the apartment.
To support a conviction for possession of cocaine with the intent to distribute, the State needed to prove that the defendant knowingly possessed cocaine. In order to prove possession, the State is not obligated to prove actual possession, but rather such conviction may be supported by a showing of constructive possession. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Jackson, 557 So.2d 1034 (La.App. 4th Cir.1990). The defendant’s presence in the area where the drug is found, or the mere fact that the defendant knows the person in actual possession, is insufficient to prove constructive possession. Trahan; Jackson. However, a person may be considered to be in constructive possession if the illegal substance is subject to his dominion and control, or if he willfully and knowingly shares with another person in actual possession of a drug the right to control the drug. Trahan. As this court noted in State v. Reaux, 539 So.2d 105, 108 (La. App. 4th Cir.1989):
In determining whether defendant exercised the requisite dominion and control the jury may consider his knowledge that illegal drugs are in the area, his relationship with one found to be in actual possession, his access to the area where drugs were found, his ^physical proximity to the drugs and the evidence that the area was frequented by drug users.
In State v. Kingsmill, 514 So.2d 599 (La. App. 4th Cir.1987), cocaine and drug paraphernalia, including a scale, rolling papers, a razor, and numerous plastic bags, were found in an open cardboard box on a seat in a car *1364 occupied by the defendant and three other people. This court found sufficient evidence that the occupants of the car exercised dominion and control over the box and thus that they were all in constructive possession. By contrast, in State v. Maresco, 495 So.2d 311 (La.App. 4th Cir.1986), writ den. 500 So.2d 419 (1987), this court upheld the defendant’s conviction for possession of a large open box of marijuana sitting next to him in the apartment of another, but it also reversed his conviction for possession of other drugs found in a trunk in another room of the apartment.
In State v. Williams, 594 So.2d 476 (La. App. 4th Cir.1992), the officers executed a search warrant at an apartment in a building. Upon entering, the officers ran through a kitchen and a living room containing no furniture, past an empty bedroom and into a second bedroom containing only a table, a chair and a television. The two defendants were in the second bedroom. On the table the officers observed a small pile of cocaine, several bags of cocaine, various paraphernalia, and $560.00 in small bills. Under the table the officers found a bottle of muriatic acid. One defendant was convicted of possession of cocaine with the intent to distribute and the other defendant was convicted of attempted possession of cocaine with the intent to distribute. This court found the evidence sufficient to support the convictions.
Viewing the evidence in the light most favorable to the prosecution, we find that the State proved beyond a reasonable doubt that the defendant possessed cocaine. A surveillance was conducted at 2562 Alvar after the New Orleans ^Police Department received an anonymous tip that there was drug trafficking coming from that apartment. Officers learned from H.A.N.0 that the apartment belonged to the defendant. When the officers searched the apartment, they concluded that the rear bedroom belonged to the defendant because of the women’s clothes in the closet, receipts in her name, and other documents bearing the defendant’s name. Further, the jacket that the defendant was observed wearing during the surveillance was found in the closet in the rear bedroom. Thirty-five pieces of cocaine were found in the jacket pocket. Even though the defendant was not present at the time of the execution of the search warrant, it may be concluded that she exercised dominion and control over the drugs that were found in her bedroom closet within her jacket pocket.
The defendant did not contest whether or not the Sate proved beyond a reasonable doubt that the defendant’s intent was to distribute cocaine. However, because this Court is reviewing the sufficiency of the State’s evidence for the crime which she was convicted, we will nevertheless review the evidence presented at trial to determine whether or not the State proved all elements of the crime.
Specific intent to distribute may be established by proving circumstances surrounding the defendant’s possession which give rise to a reasonable inference of intent to distribute. State v. Dickerson, 538 So.2d 1063 (La.App. 4th Cir.1989). Factual circumstances from which such intent can be inferred include: previous distribution by the defendant; the presence of paraphernalia for distribution; possession of an amount sufficient to create a presumption of intent to distribute; and, packaging in a form usually associated with distribution rather than personal use. State v. Hechavarria, 575 So.2d 444 (La.App. 4th Cir.1991).
During the search of the apartment, the officers found two scales, thirty-| gfive plastic bags, each containing a rock-like substance, and a beaker. All of this paraphernalia points to the distribution or the intent to distribute a controlled dangerous substance.
The State proved beyond a reasonable doubt that the defendant possessed with the intent to distribute cocaine. The trial court did not err by denying defendant’s motion for a new trial on the grounds that the verdict is contrary to the law and evidence.
Accordingly, defendant’s conviction and sentence are affirmed.

AFFIRMED.