JOAN BERNARD ARMSTRONG, Chief Judge.
liS.O., a juvenile, appeals the judgment of the Juvenile Court for Orleans Parish adjudicating him a delinquent based on the *2 petition charging him with having resisted an officer, a violation of La. R.S. 14:108(B)(l)(c). For the reasons set forth below, we affirm the judgment of the trial court.
On January 12, 2010, a petition was filed seeking S.O.’s adjudication as a delinquent based on allegations that he illegally possessed stolen things and resisted a police officer. S.O. entered a denial as to the petition.
The trial court granted S.O.’s motion to suppress evidence and found him not guilty on the charge of illegal possession of stolen things and guilty on the charge of resisting an officer. S.O. was committed to the Department of Public Safety and Corrections for a period not to exceed six months. Execution of the sentence was suspended, and S.O. was placed on active intense probation for six months under the supervision of the Office of Juvenile Justice. S.O. appeals from that judgment.
On January 4, 2010, Officer Drew Deacon and his partner received a call at 12:52 a.m. from the New Orleans Police Department (NOPD) dispatcher to investigate two suspicious persons who were looking into vehicles within a parking | ¡.garage located at 1020 Terpsichore Street. According to the NOPD dispatcher, the suspects were two black males, one wearing a grey, hooded sweatshirt.
In responding to the call, Officer Deacon and his partner observed two men fitting that description in the vicinity of 1020 Terpsichore Street, a block away, at the corner of Melpomene and Magazine Streets. Officer Deacon testified that both subjects were stopped, they were told to put their hands on the patrol car, and they were asked their names and birthdates. Officer Deacon later determined that S.O. provided a false name and birth date. Officer Deacon proceeded to pat down S.O. and his partner patted down the adult suspect, Willie McElveen, for the safety of the officers. In connection with the pat down, Officer Deacon discovered a black nylon book bag in S.O.’s possession. Mr. McElveen was found to be in possession of two cell phones, a GPS unit, a flashlight, and other items. The suspects were handcuffed and brought to the parking garage at 1020 Terpsichore Street.
Upon returning to the parking garage, Officer Deacon observed two vehicles with their doors ajar. The owners of the vehicles were located in the adjoining apartment complex. The black nylon book bag found on S.O. and some of the items found on Mr. McElveen were identified as belonging to the owners of the vehicles. Officer Deacon determined that S.O. and Mr. McElveen had not been given permission to take possession of the identified property. After relocating to the Sixth District police station, S.O. confessed his true name, and it was discovered that he was a juvenile.
As a court of review, we grant great deference to the juvenile court’s factual findings, credibility determinations and assessment of witness testimony. State ex rel W.B., 08-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61, writ denied, 09-1129 (La.1/22/10), 25 So.3d 139, citing State ex rel J.N., 07-1229, p. 8 (La.App. 4 Cir. 5/7/08), 984 So.2d 910, 915. The State’s burden of proof in a juvenile delinquency proceeding, just as in a criminal proceeding against an adult, is to prove beyond a reasonable doubt that the child committed a delinquent act alleged in the delinquency petition. La. Ch.Code art. 883.
In State v. Brown, 03-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18, the Louisiana Supreme Court held that when reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are *3 controlled by the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Neal, 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, citing State v. Captville, 448 So.2d 676, 678 (La.1984).
La. R.S. 14:108 provides, in pertinent part:
A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.
B. (1) The phrase “obstruction of’ as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
[[Image here]]
(c) Refusal by the arrested or detained party to give his name and make his identity known to the arresting or detaining officer or providing false information regarding the identity of such party to the officer.
|4In the present case, S.O. asserts that the trial court erred in finding him guilty of resisting an officer because his arrest was unlawful. S.O. argues that there was no reasonable basis for his detention because he was not wearing a grey-hooded sweatshirt, and no further description, other than “black male,” was given for the second suspect. S.O. relies on the established principle that an individual has the right to resist either an unlawful detention or an unlawful arrest. State v. Manuel, 06-0486, p. 5 (La.App. 4 Cir. 11/21/06), 946 So.2d 245, 248. While we recognize that a person has the right to resist an unlawful detention or arrest, we find, as did the trial court, that the investigatory stop in the present case was lawful.
In Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968), the United States Supreme Court held that a police officer may, in appropriate circumstances and, in an appropriate manner, approach a person for purposes of investigating possible criminal behavior, even absent probable cause to make an arrest. An individual in a public place may be stopped and questioned by police as to his name, address, and an explanation of his actions, if the officer has a reasonable suspicion that the person is committing, has committed, or is about to commit an offense. La.Code Crim. Proc. art. 215.1(A). “Reasonable suspicion”, although something less than the probable cause needed for an arrest, must be based upon particular articulable facts and circumstances known to the officer at the time the individual is approached and stopped, which, in conjunction with reasonable inferences drawn therefrom, provide reasonable grounds to suspect the detainee of criminal activity. State ex rel B.C., 08-0456, p. 5 (La.App. 4 Cir. 8/20/08), 991 So.2d 575, 579, writ denied, 08-2292 (La.1/29/10), 25 So.3d 822, citing State v. Flowers, 441 So.2d 707 (La.1983), cert. den. 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984).
In State v. Thompson, 02-0333, pp. 5-6 (La.4/9/03), 842 So.2d 330, 335, the Louisiana Supreme Court defined the standard for determining whether an officer has *4 reasonable suspicion to conduct an investigatory stop:
Reasonable suspicion for an investigatory stop is something less than probable cause and must be determined under the specific facts of each case by whether the officer had sufficient knowledge of particular facts and circumstances to justify the infringement on individual’s right to be free from governmental interference. ... In determining whether or not reasonable cause exists to temporarily detain a person, the totality of the circumstances, “the whole picture,” must be considered. [Citations omitted.]
In the instant case, the unrefuted trial testimony proves that Officer Deacon and his partner received information from the NOPD dispatcher that two black males, one wearing a grey-hooded sweatshirt, were suspects in a possible burglary at 1020 Terpsichore Street. Minutes later, the officers observed two subjects who matched the description, walking in the immediate vicinity of the suspected burglary. Based on the undisputed facts articulated by Officer Deacon, we find the officers had reasonable suspicion to lawfully detain S.O. Because the State established that S.O. lied to the officers about his name and age in the course of the proper investigatory stop, the trial court correctly found him guilty of resisting an officer, a violation of La. R.S. 14:108(B)(l)(c) constituting sufficient grounds for the trial court delinquency judgment.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED