BONIN, J.,
Concurs with Reasons.
hi respectfully concur in the affirmation of the delinquency adjudication for the offense of illegal carrying of a weapon. I write separately on two issues.
First, I address KM.’s argument that the language of that portion of La. R.S. 14:95 A(l) upon which her adjudication is founded is unconstitutional. The statute provides, in pertinent part that the “[i]lle-gal carrying of weapons is ... [t]he intentional concealment of ... [an] instrumentality ... intended for probable use as a dangerous weapon, on one’s person ...” (emphasis supplied). K.M. only argued in the juvenile court that the above italicized language allows the prosecution to convict a person of the crime of illegal carrying of weapons on burden of proof that the person probably intended to use a concealed instrument as a dangerous weapon. Because of this, K.M. suggests, this statute permits a criminal conviction on a less demanding standard of proof than that of proof beyond a reasonable doubt. See In *466 re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (“[T]he Due Process Clause [of the federal constitution] protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.”). KM. asserts that the statute is unconstitutional on its face and as it has been applied to her.
|2The source of the current R.S. 14:95 is Section 1, Article 95 of the old Criminal Code, enacted by the Louisiana Legislature in 1943. See Acts 1942 No. 43 § 1. The text of that statute defined the illegal carrying of weapons as “[t]he intentional concealment of any firearm, or other instrumentality customarily used as a dangerous weapon, on one’s person ...” This portion of the statute remained the same until 1956, when the definition was slightly altered to read: “[t]he intentional concealment of any firearm, or other instrumentality customarily used or intended for use as a dangerous weapon, on one’s person ...” See Acts 1956 No. 345 (italics supplied to indicate the amended portion of the statute). In 1958, this clause of the statute was amended again to insert the word “probable,” reflecting the current version of this part of the statute. See Acts 1958 No. 379.
But our review is restricted to a consideration of the precise claim raised by K.M. in the juvenile court. See Scott v. American Tobacco Co., Inc., 09-461, p. 8-9 (La.App. 4 Cir. 4/23/10), 36 So.3d 1046, 1052-53. K.M. did not argue in the juvenile court that the statute is unconstitutional on account of vagueness or overbreadth, see Kolender v. Lawson, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) and Skilling v. United States, 561 U.S. -, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010) (Scalia, J., concurring); see also. State v. Griffin, 495 So.2d 1306, 1308 (La.1986).
Second, I write separately to emphasize that the proper standard of review of an adjudication in a delinquency proceeding is, as provided by La. Const, art. V, § 10 B, civil, not criminal. See State in the Interest of Batiste, 367 So.2d 784, 788 (La.1979); see also State in Interest of S.O., 10-551 (La.App. 4 Cir. 9/3/10), 49 So.3d 1 (Bonin, J., concurring).
Although the proper standard of review of the sufficiency of the evidence is less deferential to the lower court’s findings, there is nevertheless no clear error in the juvenile judge’s adjudication of K.M. as delinquent. This Court reviewed the physical evidence in this case. In brief defense counsel mischaracterized the knife |sas a “cheese knife” with harmless attributes, when in fact it is fully capable of being used to physically harm another person. The juvenile judge was reasonable and not clearly wrong in finding beyond a reasonable doubt (1) that this knife was intentionally concealed on K.M., and (2) that the concealed knife was intended for probable use as a dangerous weapon.