69 So.3d 711 (2011)
STATE of Louisiana in the Interest of C.N.
No. 2011-CA-0074.
Court of Appeal of Louisiana, Fourth Circuit.
June 29, 2011.
*712 Tenee Felix, Juvenile Regional Services, New Orleans, LA, for Appellant.
Leon A. Cannizzaro, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for State of Louisiana.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
C.N., a juvenile, appeals to this Court a judgment of the Juvenile Court for the Parish of Orleans adjudicating her delinquent for the charged offense of La.Rev. Stat. 14:34.3, battery of a school teacher. For the reasons provided below, we affirm.

Factual and Procedural History
Rebecca Sloboda is a teacher at Charles Drew Elementary School on St. Claude Ave. in New Orleans. On March 10, 2010, shortly before the school day was to end, Ms. Sloboda brought her eighth grade class outside for the last ten minutes of class. When she walked out of the school entrance, she saw C.N., a female student (D.O.B. 8/22/1995), fighting with another student, though it appeared to Ms. Sloboda that C.N. was clearly the aggressor. C.N. was on top of the other student, a male, grabbing him by his dreadlocked hair, pushing and hitting him. Ms. Sloboda witnessed C.N.'s actions towards the male student, and immediately ordered her to stop, telling her "you need to stop, you need to let him go." The fight eventually broke up, and the male student got off the ground and ran back into the school building.
Ms. Sloboda did not make it to the entrance before the male student entered the building, but reached the door before C.N. She stood in the doorway and gave additional verbal warnings to C.N. that she needs to stop, and that she cannot go back in the building. C.N. ignored those warnings, and ran over Ms. Sloboda. Ms. Sloboda got up and again told her "[C.N.], you need to stop." C.N. grabbed Ms. Sloboda by her shoulders and pushed her forcefully into a wall, and her head bounced against the wall. C.N. then ran into the building.
Ms. Sloboda immediately went upstairs to relay the entire incident to the school principal, and the assistant principal of the school called the New Orleans Police Department (NOPD). Because the incident took place at the very end of the school day, Ms. Sloboda stayed at the school until 6:00 p.m. but left when no officer had arrived by then. On the next morning, March 11, 2010, at approximately 10:17 *713 a.m., NOPD Officer Nathaniel Phillips arrived at the school, and Ms. Sloboda reported the incident to her. An incident report was created. Shortly thereafter, C.N. was placed under arrest for battery of a school teacher.
On March 30, 2010, C.N. was charged in the Juvenile Court for the Parish of Orleans via delinquency petition with one count of battery of a school teacher. La. Rev.Stat. 14:34.3. The petition, on its first page, states that the incident took place on "Thursday, March 11, 2010 at approximately 10:17 a.m." However, the attached Screen Action Form labels the date of offense as "3/10/10." On April 21, 2010, C.N. appeared before the juvenile court for an initial hearing and entered a denial of the petitioned charge of battery of a school teacher.
The trial of the matter was held on September 8, 2010. The state first called Officer Phillips to testify at trial. Officer Phillips confirmed going out to Charles Drew Elementary the morning after the incident and preparing an incident report. The state then called Ms. Sloboda, who testified to the incident with C.N. as described above. Following the direct and cross examination of Ms. Sloboda, the state sought leave of court to amend their petition to cure a defect of form. The state sought to cure a defect in the petition that stated that the incident occurred on March 11, 2010 at 10:17 a.m., and amend it such that the proper incident date and time of March 10, 2010 at 3:50 p.m. was reflected in the petition. Counsel for C.N. objected to the state's request, arguing that the proposed amendment is tantamount to "alleging that another battery occurred." The trial court, after confirming that no changes would be made to the actual charge of battery on a school teacher, granted the state's request:
The Court: Okay, I am going to grant the State's request for leave to amend the petition to March 10, 2010 date and to the stated time, which is again, Ms. Cooper?
Ms. Cooper: March 10, 2010 at 3:50 p.m.
The Court: At 3:50 p.m. And the reasons for the leave to amend is that all of the factual information contained and count one of the petition filed on March 30, 2010 is the same factual information and is represented by the State, none of the factual information has changed. The only information that has changed is the date of the incident, which is one date prior to the incident and records from the police report reflect that this matter was actually investigated on March 11th, so the March 11th date is not an unreasonable date to have included in the petition. So, the Court grants the State's request for leave to amend. (emphasis added).
Next, the defense called C.N. as a witness. C.N. testified that she was pulling the male student's hair, but that they were "just playing." After closing statements offered by both parties, the trial court provided additional reasoning as to granting the state's request to amend their petition:
Okay, the Court notes that earlier it granted the State's leave to amend the petition to March 10, 2010. And I want to put also in the record that pursuant to the motion and order for subpoena duces tecum dated May 10, 2010 filed by Defense Counsel, it does note the correct date, March 10th date of the alleged incident and notes that the March 11th date is when the incident was actually investigated, so this information, these allegations further support the fact that the leave to amend, which was granted by this Court did not *714 result in substantial prejudice in this case. (emphasis added).
The trial court then adjudicated C.N. delinquent for the charge offense of battery on a school teacher. At the disposition hearing of December 1, 2010, C.N. was committed to the Department of Public Safety and Corrections for a term of six months. The juvenile court suspended the entire term of the sentence and placed C.N. on 6 months of active probation. The judge warned C.N. that she was to return home immediately after school, and that her school attendance would be strictly monitored. She was not to be anywhere besides at home when school was not in session. C.N. now appeals to this Court the adjudication of delinquency for the offense of battery on a school teacher.

State's Burden of Proof, Appellate Standard of Review
The state's burden of proof in a juvenile proceeding, just as in a criminal proceeding against an adult, is to prove beyond a reasonable doubt that the child committed a delinquent act alleged in the delinquency petition. La. Ch.Code art. 883; State in the Interest of S.O., 2010-0551, p. 2 (La.App. 4 Cir. 9/3/10), 49 So.3d 1, 3. This standard is "no less strenuous than the standard of proof required in a criminal proceeding against an adult." State in the Interest of C.B., 2009-1114, p. 6 (La.App. 4 Cir. 12/16/09), 28 So.3d 525, 528. As a court of review, we grant great deference to the juvenile court's actual finding, credibility determination, and assessment of witness testimony. State in the Interest of W.B., 2008-1458, p. 1 (La. App. 4 Cir. 4/22/09), 11 So.3d 60, 61.
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This Jackson standard has been held to be the clear standard of review for Louisiana appellate courts by the Louisiana Supreme Court. State v. Brown, 2003-0897, p. 18 (La.4/12/05), 907 So.2d 1, 22. It specifically requires that the appellate court must determine that the evidence was sufficient to convince a rational trier of fact "that all of the elements of the crime had been proved beyond a reasonable doubt." State v. Neal, 2000-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, citing State v. Captville, 448 So.2d 676, 678, (La.2/27/84). This appellate standard of review is applicable to juvenile delinquency cases. State in the Interest of T.E., 2000-1810, pp. 4-5 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417.
In addition, La. Const. art. V, § 10(B) mandates that an appellate court review both law and facts when reviewing juvenile adjudications. Therefore, as in the review of civil cases, a factual finding made by a trial court in a juvenile adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong. See State in the Interest of Batiste, 367 So.2d 784 (La.1979). In sum, we apply the "clearly wrong-manifest error" standard of review to determine whether there is sufficient evidence to satisfy the standard of proof beyond a reasonable doubt. State in the Interest of T.C., 2009-1669, p. 2 (La.App. 4 Cir. 2/16/11), 60 So.3d 1260.

Assignments of Error
Appellant's first argument on appeal is that of insufficiency of the evidence. Appellant argues that the state failed to prove beyond a reasonable doubt the delinquency of C.N. for the act of battery upon *715 a school teacher. Secondly, appellant argues that the trial court erred in allowing the state to amend the delinquency petition during the middle of C.N.'s trial.

Discussion
Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another. La.Rev.Stat. 14:33. Battery of a school teacher is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a school teacher acting in the performance of employment duties. La. Rev.Stat. 14:34.3. Though there are no reported opinions of cases concerning the offense of battery of a school teacher, a simple review of these statutes shows that in order to convict a defendant under La. Rev.Stat. 14:34.3, the state must prove beyond a reasonable doubt: 1) an intentional use of force or violence by the offender; 2) that the use of force or violence was without the victim's consent; 3) that the offender has reasonable grounds to believe the victim is a school teacher; and 4) the school teacher was in the performance of her employment duties as a teacher.
In the adjudication hearing, it is clear that the trial court found the testimony of Ms. Sloboda to be clearly more credible than that of C.N., who said that Ms. Sloboda first grabbed her, and that she was merely "playing" with the male student. Ms. Sloboda precisely described the fight she witnessed between C.N. and the male student. She testified that C.N. knocked her down, and then grabbed her by her shoulders and pushed her into a wall, causing her head to slam against the wall as well. This establishes beyond a reasonable doubt an intentional use of force or violence by C.N. The act of pushing Ms. Sloboda against a wall was not refuted or questioned by C.N. Secondly, Ms. Sloboda testified that C.N. did not have her consent to push her or use any other force against her.
Next, we find that Ms. Sloboda's testimony of the incident clearly established beyond a reasonable doubt that C.N. knew she was a teacher, and that she was acting in her capacity as a teacher. Ms. Sloboda vocalized to C.N. her authority by demanding that she stop fighting and stop running into the school to pursue the male student she was fighting with. We find no abuse of discretion in the trial court's determination that Ms. Sloboda was a more credible witness than C.N. Appellant's first assignment of error is without merit.
Next, we find no error in the trial court's decision to allow the state to amend its delinquency petition during the trial. La. Ch.Code art. 846, which pertains to the amendment of delinquency petitions, provides as follows:
Art. 846. Amendment of petition
A. With leave of court, the petitioner may amend the petition at any time to cure defects of form.
B. With leave of court, prior to the adjudication hearing, the petitioner may amend the petition to include new allegations of fact or requests for adjudication. However, if such leave is granted, the child may request a continuance of the adjudication hearing. A continuance may be granted for such period as is required in the interest of justice.
C. After jeopardy begins pursuant to Article 811, a petition shall not be amended to include new allegations of fact or requests for adjudication.
In the matter sub judice, we agree with the trial court's conclusion that amending the petition to reflect the correct date of the charged incident is clearly a mere defect of form. No prejudice whatsoever was done onto the juvenile defendant. *716 The police Screen Action Form clearly labeled the date of offense as "3/10/10." While in certain situations, allowing a prosecuting body to change the date of offense in the middle of a trial could have serious consequences to justice, this matter is not one of them.
The state did not attempt to amend the charged offense, or raise a second instance of battery. No new allegations were raised. There has always been one charged offense, and that is the battery of Ms. Sloboda, during the performance of her duties as a teacher. It has been known to all parties at all times that the offense took place on March 10, 2010, at 3:50 p.m. The exact date and time of the offense is not essential to the offense in which C.N. was charged and adjudicated delinquent for. State v. Lawson, 393 So.2d 1260 (La.1981). Therefore, the mistake regarding the date on which the offense occurred could be amended at any time. State v. Brown, 96-2302 (La.App. 4 Cir. 4/9/97), 692 So.2d 1360, 1362-1363. Consequently, appellant's remaining assignment of error is without merit.

Conclusion
We find no error in the sufficiency of the evidence presented by the state used to prove beyond a reasonable doubt that C.N. is delinquent for the act of battery of a school teacher. We find no error in the trial court's decision to amend the delinquency petition to reflect the correct date and time of the offense, a date and time already known by all parties.

Decree
The judgment of the juvenile court and disposition of sentence is affirmed.
AFFIRMED.